J-A23025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| M.Y., | | : | IN THE SUPERIOR COURT OF |
| | | : | PENNSYLVANIA |
| | Appellee | : | |
| | | : | |
| | v. | : | |
| | | : | |
| B.S., | | : | |
| | | : | |
| | Appellant | : | No. 774 WDA 2018 |

Appeal from the Order April 26, 2018
In the Court of Common Pleas of Butler County Domestic Relations at
No(s): 17-90269-C

BEFORE: BOWES, J., SHOGAN, J., and STABILE, J.

DISSENTING MEMORANDUM BY SHOGAN, J.: **FILED APRIL 9, 2019**

I respectfully dissent. After careful review, I am constrained to disagree with the Majority's conclusion that the trial court's analysis of the best-interest factors enumerated in 23 Pa.C.S. § 5328(a) subsumed **all** of the relevant relocation factors set forth in 23 Pa.C.S. § 5337(h) in this case. Instead, I conclude that the trial court's analysis of the relevant factors was insufficient. I similarly conclude that the trial court failed to adequately consider Dr. Chambers's report and testimony. Accordingly, I would vacate the order and remand.

The primary concern in a custody case is the best interests of the child. *M.J.N. v. J.K.*, 169 A.3d 108, 112 (Pa. Super. 2017). The best-interests standard is decided on a case-by-case basis, and it requires consideration of all factors that legitimately have an effect upon the child's physical,

intellectual, moral, and spiritual well-being. ***Id.*** (citation omitted). The specific factors that a trial court must consider are listed at 23 Pa.C.S. §5328(a)(1)-(16), as follows:

> **(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> > (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
> >
> > (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
> >
> > (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).
> >
> > (3) The parental duties performed by each party on behalf of the child.
> >
> > (4) The need for stability and continuity in the child's education, family life and community life.
> >
> > (5) The availability of extended family.
> >
> > (6) The child's sibling relationships.
> >
> > (7) The well-reasoned preference of the child, based on the child's maturity and judgment.
> >
> > (8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

Father argues that the trial court erred in failing to consider Dr. Bruce Chambers's expert opinion that Child remain with Father in Butler County in order to maintain stability in Child's life. Additionally, Father avers that the trial court erred in ignoring the relocation factors in 23 Pa.C.S. § 5337(h). Father's Brief at 7-10.

The relocation factors set forth in 23 Pa.C.S. § 5337(h) provide as follows:

**(h) Relocation factors.--**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether

there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S. § 5337(h).

It is well settled that the trial court was obligated to consider the testimony of the expert, although it was not obligated to delegate to the expert the responsibility of making a decision for the court. ***Rinehimer v. Rinehimer***, 485 A.2d 1166, 1169 (Pa. Super. 1984) (citations omitted). In the case at bar, however, there is no evidence that the trial court gave any consideration to Dr. Chambers's conclusion that Child should remain with Father in Butler County to maintain stability in the child's life.

Furthermore, I recognize that the general provisions regarding relocation set forth in 23 Pa.C.S. § 5337[1] do not apply, where, as here, neither party is relocating. ***D.K. v. S.P.K.***, 102 A.3d 467, 472 (Pa. Super. 2014). However, that does not equate to the conclusion that a trial court cannot or should not consider the relocation factors of Section 5337(h) in a case where a request for modification of custody involves the change of residence of a child to a significantly distant location. ***Id.*** at 474. Rather, in a custody case involving the relocation of a child, "the trial court shall consider the relevant

---

[1] In addition to the relocation factors relevant to the children's best interests in 23 Pa.C.S. § 5337(h), the other subsections of Section 5337 contain strict requirements such as notice, objections, affidavits, counter affidavits, and a hearing. 23 Pa.C.S. § 5337(b)-(g).

factors set forth in section 5337(h) insofar as they impact the final determination of the best interests of the children." *Id.* at 468.

As noted above, Child was in first grade in the Seneca Valley School District in Cranberry Township, Butler County, when she resided with Father. Dr. Chambers presented uncontradicted testimony that "continuity with the school was a stress factor that I felt we had to throw that in the mix. Could this child adjust, probably so. But again, in situations like this, changes can be stressful for children." N.T., 3/1/18, at 13. Furthermore, the trial court noted that Dr. Chambers concluded "There was not enough evidence in this evaluation to suggest that uprooting [Child] from her current school would be advantageous in any way. She has done well academically, is on track developmentally and has a number of friends." Trial Court Opinion, 4/26/18, at unnumbered 2.

Despite the trial court's recognition of these findings, it does not appear that the trial court evaluated the school situation and the effect changing schools would have on Child. Thus, it appears that factors two and seven of the relocation factors, 23 Pa.C.S. § 5337(h)(2) and (h)(7), were not subsumed by the best-interest factors in the trial court's analysis.

I thus conclude that the trial court's analysis was lacking. There was no indication that the trial court considered the testimony or report of the expert witness, Dr. Chambers. Moreover, the trial court failed to consider the relevant relocation factors set forth in Section 5337(h) or explain why those

factors were not considered.  For these reasons, I would vacate the order awarding custody to Mother and remand this matter to the trial court to consider Mother's complaint for custody in light of the factors in Section 5328(a), Section 5337(h), and the expert's report and testimony from the hearing.

Accordingly, I respectfully dissent.